1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHIPREZ,<br><br>               Plaintiff,<br><br>    v.<br><br>WARDEN, *et al.*,<br><br>               Defendants. | Case No.  1:21-cv-00668-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE FEDERAL CLAIMS BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM<br><br> (ECF No. 15)<br><br>**FOURTEEN (14)  DAY DEADLINE** |

Plaintiff Jesus Chiprez ("Plaintiff") is a state prisoner proceeding *pro se* and in *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint was screened, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint, filed on August 17, 2021, is before the Court for screening. (Doc. 15.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants:  (1) V. Marquez, Correctional Officer, CSATF, and (2) N. Tyler, Hearing Official, Lieutenant.

On Monday August 3, 2020, at 10:45, Defendant Marquez stopped at Plaintiff's cell door and told Plaintiff and his cellmate to move the curtain from her visibility.  Plaintiff obeyed her direct order and put a towel to block the incoming light from hitting Plaintiff's face.  At 3 a.m. on August 4, 2020, Defendant Marquez knocked on the window and told them to take the towel down and flashed the light in Plaintiff's face.  He obeyed her direct order, and "she quickly flashed her light down south," but Plaintiff laid back down as he pulled the towel down.  As she left, he called her "fat ass."  An hour later, Plaintiff was taken to a dog cage. "I explained this to Lt. Williams and asked him so at what time was I masterbating [sic]?"  Plaintiff alleges Defendant Marquez knows he sleeps naked because of his lower back ache and even the elastic

on boxers hurts his back.  Plaintiff was in the dog cage for 5 ½ hours then taken to Ad-Seg with no paper work or lock up order.  Plaintiff received three rules violations reports, including one for indecent exposure without prior convictions.  Plaintiff was in Ad-seg for two months.

Plaintiff alleges that his two inmate witnesses were not allowed for his defense at the hearing and the investigative employee did not ask them Plaintiff's questions. Plaintiff told the hearing officer, N. Tyler, that Defendant Marquez contradicted herself on questions 1 and 4 of his list of questions in that she said he was "sitting up," when her RVR said Plaintiff was laying down.  Plaintiff contends Defendant Marquez was lying about the incident.  N. Tyler found Plaintiff guilty because Plaintiff had a DA referral pending.  Plaintiff told Defendant Tyler that Plaintiff was not issued a lock up order.  Plaintiff alleges that his listed questions for inmates Abreu and Alvarez, his cellmate, were not asked.

As remedies, Plaintiff seek to remove the RVRs from his record and seeks $750,000 in damages.

### III.   Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may granted.  Despite being provided the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in the complaint.

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is relatively short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who

3

was involved. For instance, Plaintiff fails to allege facts of whether he is claiming a violation for being detained in the "dog cage."  Plaintiff has been unable to cure this deficiency.

### B. False Rules Violation Report and Disciplinary Hearing

It appears Plaintiff's main complaint is a Due Process violation for being falsely accused of improper conduct.

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").  Plaintiff fails to state a claim for the purportedly false accusations by Defendant Marquez.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner

where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached ...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that that his disciplinary action failed to comply with the *Wolff* elements. There was some evidence to support the guilt finding. Defendant Marquez said she saw him masturbating and issued a report to that effect.  Moreover, Plaintiff's insistence on the invalidity of the guilt finding does not state a claim for relief. The decision rendered on a disciplinary charge must be supported by "some evidence" in the record. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Plaintiff merely alleges she was lying. However, false reports do not support a claim for a constitutional violation in this context.

Plaintiff alleges his witnesses were not questioned.  However, from the exhibits attached to the amended complaint, the hearing officer, possibly Defendant Tyler, deemed the questions Plaintiff wanted to ask the inmates as irrelevant.  (see e.g., Doc. 15, p. 15 ("Q1: Do you sleep with your head towards the back of the cell?; A1: SHO deemed irrelevant." ("Q3: Do we straddle the toilet to urinate?; A3: SHO deemed irrelevant.").) Plaintiff's due process right was satisfied where the questions Plaintiff wanted to ask were considered and deemed irrelevant to the proceedings.

As to any due process claim regarding Administrative Segregation, prisoners do not have a liberty interest in remaining housed in the general prison population. *Hernandez v. Constable*, 2020 WL 2145387, at *2 (E.D. Cal. Feb. 21, 2020), report and recommendation adopted, 2020 WL 2126893 (E.D. Cal. May 5, 2020) (citing *Smith v Noonan*, 992 F.3d 987, 989 (9th Cir. 1993); *McFarland v. Cassady*, 779 F.2d 1426, (9th Cir. 1986)). "Typically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071,

1078 (9th Cir. 2003). "[W]hen prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process only requires the following procedures: Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (footnote omitted), abrogated on other grounds, *Sandin v. Connor*, 515 U.S. 472 (1995). Here, Plaintiff was provided a hearing on the charges and found guilty.

C. **Eighth Amendment Claim**

Plaintiff may be attempting to allege an Eighth Amendment claim for the time he was in the holding cage.

The Eighth Amendment prohibits "the infliction of cruel and unusual punishments on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991) (citation and internal quotation marks omitted). Prison officials have a duty to provide "humane conditions of confinement," and "the minimal civilized measure of life's necessities[ ]" – including adequate shelter. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (citing id.). A prison official violates the Eighth Amendment when: (1) an inmate is incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison official deliberately disregards the risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847; *Hearns v. Terhune,* 413 F.3d 1036, 1040-42 (9th Cir. 2005).

Plaintiff's five-hour placement in a holding cell fails to state a claim. *See Stafford v. Doss*, No. 2:16-CV-1403-JAM-DMC, 2021 WL 3563490, at *12 (E.D. Cal. Aug. 12, 2021) (Plaintiff's four-hour placement in an administrative segregation holding cell does not rise to the level of an Eighth Amendment violation due to the short duration of the placement). In *Frost*, the Ninth Circuit concluded that "although Frost complains about the...conditions in the temporary holding cell, he has not shown that such circumstances ultimately deprived him of the 'minimal civilized measures of life's necessities.'" *Frost, v Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Temporary deprivations of sanitation, water, and shelter that last only a short amount of time and

do not pose a serious threat of harm to the prisoner do not give rise to deprivations that are sufficiently serious to support an Eighth Amendment claim. See e.g., *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (finding that a five hour deprivation of water did not rise to the level of an Eighth Amendment violation); *Diggs v. Doe*, No. 1:19-CV-00766-GSA-PC, 2020 WL 5878268, at *5 (E.D. Cal. Oct. 2, 2020) (forced to stand for approximately ten hours in a cage, was not allowed to use the toilet when he needed to, and later was only offered use of an unsanitary toilet and sink without access to drinking water failed to state a claim.)

### D. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc*., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S*., 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

Plaintiff does not allege Defendants have authority to expunge Plaintiff's RVR from his

central file. "[T]he pendency of the present action does not automatically give the Court jurisdiction over all prison officials in general or over the expungement of rule violations from prisoner files at a given institution." *Aubert v. Madruga*, No. 1:13-CV-01659-AWI-EPG (PC), 2016 WL 2866419, at *7-8 (E.D. Cal. May 17, 2016), report and recommendation adopted, 2016 WL 4494478 (E.D. Cal. Aug. 25, 2016) (denying injunctive relief because the court lacks jurisdiction to compel non-party prison officials to expunge rule violations from plaintiff's central file solely based on the pendency of a lawsuit against defendant prison officials in their official capacity where defendants lack authority to expunge plaintiff's rule violations). *Clifford v. Rachal,* No. CV 19-5605-DOC (KK), 2019 WL 3781603, at *3 (C.D. Cal. Aug. 12, 2019) (finding the court lacks jurisdiction to compel non-party prison officials to remove the RVR's and Counseling Chrono from Plaintiff's Central File).

### E. Violation of Title 15 or CDCR Policies

Plaintiff may be attempting to allege a violation of CDCR Policies for not giving him a "lock up order."  The mere violation of a prison regulation, which may provide even more procedural protections than mandated by the Constitution, does not give rise to a cognizable claim for relief. *See, e.g., Nible v. Fink,* 828 Fed.Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11-12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations). Similarly, there is no liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

///

**C. State Law Claim**

Plaintiff may be seeking to allege a defamation claim against Defendants.

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.  Plaintiff has failed to state a cognizable federal claim

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (Cal. 2007); *State v. Superior Court of Kings Cty. (Bodde),* 32 Cal. 4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim– Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged that he has complied with the Government Torts Claim Act.

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

IT IS HEREBY RECOMMENDED as follows:

1.    The federal claims in this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and

2.   The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2021**                    /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE